UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT MATLOCK,

        Petitioner,

v.                                               CASE NO. 06-12426
                                                  HONORABLE VICTORIA A. ROBERTS

RAYMOND BOOKER,

        Respondent.
_____/

**OPINION AND ORDER DENYING HABEAS CORPUS PETITION
AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY
OR TO GRANT LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Petitioner Robert Matlock has filed a *pro se* Petition for the Writ of Habeas Corpus under 28 U.S.C. § 2254. Also pending before the Court are Petitioner's Motions to Show Cause, which seek appointment of counsel and immediate release from custody or a reduction of his criminal conviction from second-degree murder to manslaughter. Because the Court finds no merit in Petitioner's claim, his habeas petition and the pending motions must be denied.

**I. Background**

Petitioner was charged with one count of first-degree murder, which carries a penalty of life imprisonment without the possibility of parole. On June 15, 2004, he pleaded no contest to second-degree murder, Mich. Comp. Laws § 750.317. In return, the prosecutor agreed to a sentence of twenty to fifty years in prison. The prosecutor also agreed to dismiss the first-degree murder count and a notice charging Petitioner with being a habitual felony offender.

On July 20, 2004, the trial court sentenced Petitioner to imprisonment for twenty to fifty years with credit for 137 days for time served. Petitioner subsequently moved to withdraw his plea on the ground that the plea was not knowingly and voluntarily made. The trial court denied Petitioner's motion for lack of an adequate legal basis on which the motion could be granted. The Michigan Court of Appeals denied leave to appeal for lack of merit in the ground presented, *see People v. Matlock*, No. 264344 (Mich. Ct. App. Nov. 8, 2005), and, on April 28, 2006, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issue. *See People v. Matlock*, 474 Mich. 1125; 712 N.W.2d 461 (2006).

Petitioner filed his habeas corpus petition on May 31, 2006. The sole ground for relief reads:

> The trial court abused its discretion in denying Defendant-Appellant's motion to withdraw his plea which was brought on the basis that it was involuntarily, unknowingly, and unintelligently given.

Respondent urges the Court to deny the habeas petition on the basis that the state court's findings of fact undermine Petitioner's claim.

## II. Standard of Review

Petitioner is entitled to the writ of habeas corpus if he can show that the state court's adjudication of his claim on the merits–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established federal law "if the state court

2

arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000) (Justice O'Connor's majority opinion on Part II). A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413.

"[A]n *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Id*. at 410 (emphasis in original). "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id*. at 409. Section "2254(d) dictates a highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." *Bell v. Cone*, 543 U.S. 447, 455 (2005) (quotation marks and citations omitted).

### III.  Discussion

Petitioner contends that psychological factors, as well as, years of alcohol consumption and drug use adversely affected his ability to knowingly, intelligently, and understandingly enter a no-contest plea.

####     A.  Legal Framework

#####         1.  Competence

A guilty or no-contest plea constitutes a waiver of several constitutional rights, including the privilege against self-incrimination, the right to a jury trial, and the right to confront one's

3

accusers. *Boykin v. Alabama*, 395 U.S. 238, 243 (1969). A defendant who waives his constitutional rights must do so "competently and intelligently." *Johnson v. Zerbst*, 304 U.S. 458, 468 (1938). A plea is competently made if the defendant "has the capacity to understand the proceedings and to assist counsel." *Godinez v. Moran*, 509 U.S. 389, 402 (1993).

"In a federal habeas proceeding stemming from a state court conviction, the burden is on the petitioner to prove, by a preponderance of the evidence, that he was incompetent in fact at the time of the plea." *Bouchillon v. Collins*, 907 F.2d 589, 592 (5th Cir. 1990) (footnote omitted). "The presence of some degree of mental disorder in the defendant does not necessarily mean that he is incompetent to knowingly and voluntarily enter a plea as well as aid and assist in his own defense." *Wolf v. United States*, 430 F.2d 443, 445 (10th Cir. 1970).

### 2. Voluntariness

"In addition to determining that a defendant who seeks to plead guilty . . . is competent, a trial court must satisfy itself that the waiver of his constitutional rights is knowing and voluntary." *Moran*, 509 U.S. at 400. A plea must be a voluntary, knowing, and intelligent act "done with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States*, 397 U.S. 742, 748 (1970). A plea may be involuntary if the defendant does not understand either the nature of the constitutional rights he is waiving or the charge against him. *Henderson v. Morgan*, 426 U.S. 637, 645 n.13 (1976). The defendant must be aware of the direct consequences of the plea, *Riggins v. McMackin*, 935 F.2d 790, 795 (6th Cir. 1991), and the maximum sentence that could be imposed, *King v. Dutton*, 17 F.3d 151, 154 (6th Cir. 1994).

> The rule that a plea must be intelligently made to be valid does not require that a plea be vulnerable to later attack if the defendant did not correctly assess every relevant factor entering into his decision. A defendant is not entitled to withdraw

4

> his plea merely because he discovers long after the plea has been accepted that his calculus misapprehended the quality of the State's case or the likely penalties attached to alternative courses of action.

*Brady*, 397 U.S. at 757. Furthermore, "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

### B. Application

Petitioner has not submitted any evidence demonstrating that psychological factors or a history of substance abuse impaired his ability to enter a knowing and intelligent plea. Although he apparently was intoxicated at the time of the crime, the transcript of the plea does not indicate that Petitioner was incompetent to enter a plea or that his plea was involuntarily and unknowingly made. He was fifty-nine years old when he pleaded guilty. He engaged in a dialogue with the trial court and appropriately answered the trial court's questions. He claimed to understand the plea agreement and the rights that he was waiving. He also assured the trial court that he was not promised anything or coerced into pleading no contest, and he stated that his plea was freely, voluntarily, knowingly, and intelligently made. He asserted that it was his choice to enter a plea and that he understood the consequences of his plea. He did not contest the trial court's summary of the facts, as set forth at the preliminary examination, and he stated that he had reviewed the plea form with his attorney and had no questions about the form.

Petitioner also expressed satisfaction with his attorney, and neither he, nor his attorney, mentioned Petitioner's mental health, his competence to plead no contest, or his history of substance abuse. At the conclusion of the proceeding, the trial court asked Petitioner whether he had any questions about anything. Petitioner responded, "No, sir."

Petitioner also did not present any evidence or testimony in support of his claim at the

hearing on his motion to withdraw his plea.  The trial court noted at the hearing that Petitioner had not been intoxicated at his plea and that there was "no indication of organic brain damage to the extent that [Petitioner] was incoherent, incompetent, or anything like that."  (Tr. July 28, 2005. at 4.)  The state court's factual findings are entitled to a presumption of correctness because Petitioner has not rebutted the presumption with clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *Baze v. Parker*, 371 F.3d 310, 318 (6th Cir. 2004), *cert. denied*, 544 U.S. 931 (2005).  Petitioner's alleged substance abuse and mental problems do not establish that he was incompetent to plead no contest.  *Miles v. Dorsey*, 61 F.3d 1459, 1474 (10th Cir. 1995) (citing *Wolf v. United States*, 430 F.2d 443, 445 (10th Cir. 1970); *LoConte v. Dugger,* 847 F.2d 745, 751 (11th Cir. 1988); *Boag v. Raines,* 769 F.2d 1341, 1343 (9th Cir. 1985)).

## IV.  Conclusion

Petitioner has failed to show that he was incompetent to plead no contest or that his plea was not voluntary, knowing, and intelligent.  He exhibited a clear mind at the plea and an awareness of the charge, penalty, and rights that he was waiving.

Therefore, the state appellate court's conclusion that Petitioner's claim lacked merit did not result in a decision that was contrary to, or an unreasonable application of, Supreme Court precedent.  Accordingly, the Habeas Corpus Petition [Doc. 1, May 31, 2006] and the Motions for an Order to Show Cause [Doc. 8, Aug. 7, 2007, and Doc. 9, Sept. 21, 2007] are DENIED.  The Court DECLINES to issue a certificate of appealability or to grant leave to proceed *in forma pauperis* on appeal because reasonable jurists would not find the Court's assessment of Petitioner's constitutional claim debatable or wrong.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

                                                     S/Victoria A. Roberts
                                                     Victoria A. Roberts
                                                     United States District Judge

Dated: November 26, 2007

> The undersigned certifies that a copy of this document was served on the attorneys of record and pro se petitioner by electronic means or U.S. Mail on November 26, 2007.
>
> s/Carol A. Pinegar
> Deputy Clerk